UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:                                                          Subchapter V, Chapter 11

RITCHEY'S TRUCK REPAIR, INC.,[1]                                Case No. 8:26-bk-04988-CED

      Debtor.
_____/

RITCHEY'S TRUCK REPAIR, INC.,

      Plaintiff,

v.                                                              Adv. Case No. 8:26-ap-_____

TRUCKCO, LLC, RUSSELL P. MATHEWS,
SIGNAL MANAGEMENT GROUP, INC.,

      Defendants.
_____/

**VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF**

Ritchey's Truck Repair, Inc. (the "Debtor" or "Plaintiff") sues Truckco, LLC ("Truckco"), Russell P. Mathews ("Mathews"), and Signal Management Group, Inc. ("Signal"; collectively with Truckco and Mathews, the "Defendants") and seek injunctive relief during the pendency of this Chapter 11, Subchapter V case prohibiting the continued prosecution of the State Court Action (defined below) against Bruce A. Ritchey, individually, ("Mr. Ritchey"), Karen A. Ritchey, individually, ("Mrs. Ritchey"), Mr. and Mrs. Ritchey as trustees of the Bruce A. Ritchey and Karen A. Ritchey Joint Revocable Living Trust (the "Trust"), Brenda S. James ("Ms. James") and Ritchey's Tractor Works, LLC ("Tractor Works" and together with Mr. Ritchey, Mrs. Ritchey,

---

[1] The address of the Debtor is 2040 Industrial Park Rd., Mulberry, FL 33860.  The last four digits of the Debtor's federal tax identification numbers are 4458.

35979123-4

and Ms. James, collectively, the "State Court Defendants") until closing of a sale of the Debtor or its assets pursuant to a confirmed plan.

## Jurisdiction and Venue

1. This Court has jurisdiction over this adversary proceeding, pursuant to 28 U.S.C. §§ 157 and 1334, in that it arises in and relates to the Chapter 11 case pending before this Court filed by the Debtor.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

3. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (O).

4. The statutory predicates for the relief sought herein are section 105(a) of the Bankruptcy Code[2] and 28 U.S.C. § 1334 and Bankruptcy Rules 7001(7) and 7065.

## The Parties

5. Plaintiff is the debtor in the above-captioned bankruptcy case, with a principal place of business in Mulberry, Florida.

6. Upon information and belief, Truckco is a Florida limited liability company with its principal place of business in Tampa, Florida.

7. Upon information and belief, Signal is a Florida corporation with its principal place of business in Tampa, Florida.

8. Upon information and belief, Mathews is an individual residing in Hillsborough County, Florida. Mathews is President of Signal and the Manager of Truckco.

---

[2] All references to the "Bankruptcy Code" are to the applicable section of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* All references to a "Bankruptcy Rule" or the "Bankruptcy Rules" are to the applicable rule of the Federal Rules of Bankruptcy Procedure.

35979123-4

**The Debtor's Business and the Chapter 11 Filing**

9.      The Debtor was established in 1999 as a mobile truck repair business that expanded into a full-service repair facility equipped with state-of-the-art computerized diagnostic technology, offering preventative maintenance, repair services, engine rebuilds, and mobile mechanic services.

10.      Recently, the Debtor has encountered significant challenges due to protracted and increasingly burdensome litigation initiated by the Defendants, who failed to consummate a contemplated transaction, despite having ample opportunity to do so. The Defendants neither tendered the purchase price nor demonstrated the financial capacity to close yet continued to interfere in the Debtor's financial and operational affairs to the detriment of the business.

11.      At the same time, the Debtor has experienced declining revenues, rising operating costs, and significant liquidity strain driven in large part by mounting litigation expenses. The purchaser's recent filing of a third amended complaint with more than 150 pages has further delayed adjudication and materially increased the cost of defense, which the Debtor lacks the liquidity to sustain.

12.      On June 10, 2026 (the "Petition Date"), the Debtor filed a Voluntary Petition for relief under Subchapter V of Chapter 11 the Bankruptcy Code.

13.      The Debtor filed the Chapter 11, Subchapter V case to preserve going-concern value, protect employment, maintain customer goodwill, pursue an orderly sale process in connection with a section 363 sale or chapter 11 plan, estimate or liquidate the putative purchaser's claim, and make distributions to creditors holding allowed claims in accordance with the Bankruptcy Code's priority scheme.

35979123-4

14. The Debtor's assets are comprised of cash, accounts receivable, the Facility, vehicles, machinery, equipment, tools, and office furniture, fixtures and equipment.

15. The Debtor anticipates that the Internal Revenue Service will assert a priority tax claim in the amount of $177,108.00.

16. The Debtor anticipates that the following creditors will assert liens on the Debtor's assets: (a) First Citizens Bank & Trust Company in connection with a mortgage on the Facility and a security interest in rents and personal property (as defined in the mortgage document); (b) Great America Financial Services Corporation in connection with a lien on equipment; (c) Kubota Credit Corporation, U.S.A in connection with liens on various pieces of equipment; and (d) SunTrust Bank in connection with a lien on accounts excluding deposit accounts, equipment, and inventory.

17. The Debtor estimates that there are approximately $4 million in asserted unsecured claims, including the disputed and unliquidated claim of the Defendants.

18. The Debtor currently has seventeen non-insider employees and two affiliate officers, Mr. Ritchey and Mrs. Ritchey. Mr. Ritchey owns fifty percent of the Debtor and serves as President. Mrs. Ritchey owns fifty percent of the Debtor and serves as Secretary.

19. Ms. James is the Debtor's office manager. She is the operational backbone whose institutional knowledge and operational leadership are critical to the company's efficiency and stability.

20. Mr. Ritchey, Mrs. Ritchey, and Ms. James are integral to the Debtor's reorganization efforts. Collectively, they are responsible for the oversight and management of all material aspects of the Debtor's operations, including, without limitation, advertising, sales and

35979123-4

marketing, customer relations, vendor relations, human resources, purchasing, financing, leasing, accounting, and legal matters.

## The State Court Action

21.     On or about February 10, 2025, the Defendants commenced a civil action in state court (the "State Court Action"), asserting seven causes of action against the Debtor and the State Court Defendants arising from the Defendants' unsuccessful attempt to acquire the Debtor's assets.

22.     The State Court Defendants filed an answer to the complaint, denying the material allegations thereof and asserting various affirmative defenses.

23.     On May 19, 2026, the Defendants filed a Third Amended Complaint in the State Court Action, asserting 14 causes of action against the Debtor and the State Court Defendants.

24.     The causes of action asserted against the Debtor in the State Court Action are currently stayed. The causes of action asserted against the State Court Defendants, however, remain pending.

## Count I: Injunctive Relief

25.     Plaintiff realleges paragraphs 1–24 of the instant Complaint as if fully set forth herein.

26.     This is an action for injunctive relief pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 7065.

27.     This complaint seeks temporary and preliminary relief through the entry of a preliminary injunction enjoining the Defendants from prosecuting the State Court Action against the Debtor's Principals for the duration of the Chapter 11 Case, up to and including closing of the sale of the Debtor or its assets pursuant to a confirmed plan.

35979123-4

<u>Substantial Likelihood on the Merits</u>

28.     The Debtor has a substantial likelihood of success on the merits in this Chapter 11 case, but only with the assistance of the State Court Defendants.

29.     The only way the Debtor or its assets can be sold for maximum value as a going concern is with the continued operation of the Debtor and marketing of the business by the State Court Defendants.

30.     The Debtor is filing a plan that will provide for the sale of the Debtor or its assets to the highest bidder and the payment of allowed claims in accordance with the priority scheme set forth in the Bankruptcy Code.

<u>Irreparable Harm</u>

31.     In this case, there clearly are "unusual circumstances" giving rise to irreparable harm.

32.     If the Defendants are not enjoined from prosecuting the State Court Action during the pendency of this Chapter 11 case, it will have catastrophic effects on the Debtor's ability to confirm a plan and sell the Debtor as a going concern.

33.     First, the Debtor cannot operate without Mr. Ritchey, Mrs. Ritchey, and Ms. James.

34.     In addition, if the State Court Action proceeds and judgments are entered against the State Court Defendants:

   a.  The State Court Defendants will be forced to expend additional resources defending the collection of the State Court Action, which will adversely impact their willingness and ability to focus on maximizing the value of the Debtor.

35979123-4

b. Requiring the State Court Defendants to defend collection of the State Court Action will be costly and time consuming to defend at a time when the Debtor needs their attention devoted to the Debtor's operations, plan, and sale.

c. The entire purpose of the Subchapter V case would be frustrated as the Defendants may attempt to freeze, garnish, or levy on the State Court Defendants' assets, which include the stock in the Debtor contemplated to be sold in this case. In order to avoid any collection against their assets, the State Court Defendants may have no alternative, but to file their own personal bankruptcies. That would significantly diminish the value of the Debtor as a going concern inasmuch as the Chapter 7 trustee would immediately close the Debtor, frustrating the entire purpose of this case.

35. In addition, a judgment against the State Court Defendants will give rise to indemnification claims against the estate.

36. Allowing the Defendants to obtain and collect judgments will prejudice the rights of all creditors.

## Balance of Prejudice

37. In contrast to the irreparable harm set forth above, the evidence will show that Defendants will suffer little, if any, prejudice from a stay of the State Court Action pending closing of a sale of the Debtor pursuant to a confirmed plan.

38. The Debtor will be filing a plan in less than ninety (90) days that provides for a sale of the Debtor and distributions to creditors in accordance with the priority scheme set forth in the Bankruptcy Code.

35979123-4

39.     The only harm that might befall the Defendants is a brief delay in the prosecution of the State Court Action.

40.     In the interim, the Defendants may file an appropriate proof of claim with this Court.

Public Interest

41.     The public interest will not be harmed if the Court temporarily stays the State Court Action pending closing of a sale of the Debtor pursuant to a confirmed plan.

42.     The granting of the injunctive relief sought herein unequivocally advances a significant public interest, that is, in confirming a plan as contemplated by the Bankruptcy Code, 11 U.S.C. §§ 101 et seq.; and in assuring that the legitimate rights of the customers, creditors, employees and other parties in interest are protected.

WHEREFORE, Plaintiff respectfully requests that the Court issue a preliminary injunction enjoining the Defendants' prosecution of the State Court Action until closing of a sale of the Debtor pursuant to a confirmed plan and provide such other and further relief as may be just and proper.

Respectfully submitted on June 12, 2026.

BERGER SINGERMAN LLP
*Counsel for the Debtor*
101 E. Kennedy Boulevard, Suite 1165
Tampa, FL 33602
Tel. (813) 498-3400
Fax (813) 527-3705

By:  */s/  Amy Denton Mayer*
     Amy Denton Mayer
     Florida Bar No. 634506
     amayer@bergersingerman.com

35979123-4

## VERIFICATION

I, Bruce A. Ritchey, as shareholder and President of Ritchey's Truck Repair, Inc., have read the foregoing Complaint for Injunctive Relief, and pursuant to 28 U.S.C. Section 1746, I hereby declare under penalty of perjury, that the foregoing statements are true and correct on this 12th day of June, 2026.

Ritchey's Truck Repair, Inc.

By: _____

Bruce A. Ritchey, Shareholder and President

35979123-4

## VERIFICATION

I, Karen A. Ritchey, as shareholder and Secretary of Ritchey's Truck Repair, Inc., have read the foregoing Complaint for Injunctive Relief, and pursuant to 28 U.S.C. Section 1746, I hereby declare under penalty of perjury, that the foregoing statements are true and correct on this 12th day of June, 2026.

Ritchey's Truck Repair, Inc.

By:_____

Karen A. Ritchey, Shareholder and Secretary

35979123-4