UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | Subchapter V, Chapter 11 |
| RITCHEY'S TRUCK REPAIR, INC.,[1] | Case No. 8:26-bk-04988-CED |
|     Debtor.<br>_____/ | |
| RITCHEY'S TRUCK REPAIR, INC., | |
|     Plaintiff, | |
| v. | Adv. Case No. 8:26-ap-00201-CED |
| TRUCKCO, LLC, RUSSELL P. MATHEWS,<br>SIGNAL MANAGEMENT GROUP, INC., | |
|     Defendants.<br>_____/ | |

**MOTION FOR PRELIMINARY INJUNCTION WITH
SUPPORTING MEMORANDUM OF LAW AND REQUEST FOR HEARING**

Ritchey's Truck Repair, Inc. (the "Debtor" or "Plaintiff") sues Truckco, LLC ("Truckco"),

Russell P. Mathews ("Mathews"), and Signal Management Group, Inc. ("Signal"; collectively with

Truckco and Mathews, the "Defendants") respectfully request the entry of a preliminary injunction

during the pendency of this Chapter 11, Subchapter V case prohibiting the continued prosecution

of the State Court Action (defined below) against Bruce A. Ritchey, individually, ("Mr. Ritchey"),

Karen A. Ritchey, individually, ("Mrs. Ritchey"), Mr. and Mrs. Ritchey as trustees of the Bruce

A. Ritchey and Karen A. Ritchey Joint Revocable Living Trust (the "Trust"), Brenda S. James

("Ms. James") and Ritchey's Tractor Works, LLC ("Tractor Works" and together with Mr.

_____

[1] The address of the Debtor is 2040 Industrial Park Rd., Mulberry, FL 33860.  The last four digits of the Debtor's federal tax identification numbers are 4458.

Ritchey, Mrs. Ritchey, and Ms. James, collectively, the "State Court Defendants") until closing of a sale of the Debtor or its assets pursuant to a confirmed plan. In support of this motion, Plaintiff states the following:

### Jurisdiction

1.     After notice to Defendants and a hearing to be held before this Court, Plaintiff requests a preliminary injunction pursuant to section 105(a) of the Bankruptcy Code[2] and Bankruptcy Rule 7065 based upon the facts set forth in the *Verified Complaint for Injunctive Relief* (Adv. Doc. No. 1) (the "Complaint") filed contemporaneously with this motion and the legal authorities set forth in the accompanying Memorandum of Law.

2.     As more particularly set forth in the Complaint and the Memorandum of Law set forth below, Plaintiff submits that this Court should enter a preliminary injunction during the pendency of this Chapter 11, Subchapter V case enjoining the Defendants' prosecution of the State Court Action.

3.     Plaintiff seeks a preliminary injunction until closing of a sale of the Debtor or its assets pursuant to a confirmed plan. The injunction is proper because (1) Plaintiff has a substantial likelihood of prevailing on the merits; (2) Plaintiff will suffer irreparable harm unless the preliminary injunction is issued; (3) the injury to Plaintiff outweighs any damages the injunction may cause to the Defendants; and (4) the public interest would not be adversely affected if this Court issues a preliminary injunction pending closing of a sale pursuant to a confirmed plan.

WHEREFORE, Plaintiff respectfully requests that the Court issue a preliminary injunction during the pendency of this Chapter 11, Subchapter V case prohibiting the continued prosecution

---

[2] All references to the "Bankruptcy Code" are to the applicable section of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.*  All references to a "Bankruptcy Rule" or the "Bankruptcy Rules" are to the applicable rule of the Federal Rules of Bankruptcy Procedure.

35979790-5

of the State Court Action until closing of a sale of the Debtor or its assets pursuant to a confirmed plan and providing such other and further relief as may be just and proper.

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR PRELIMINARY INJUNCTION**

Plaintiff files this Memorandum of Law in support of its motion for entry of a preliminary injunction.

**Argument and Citations of Authority**

### A. *Jurisdiction and Venue*

Pursuant to 28 U.S.C. §§ 157 and 1334, bankruptcy courts have nonexclusive jurisdiction over proceedings "related to" a case under the Bankruptcy Code.  The test for determining whether a civil proceeding is related to bankruptcy is "whether the outcome of that proceeding could *conceivably* have any effect on the estate being administered in bankruptcy." *In re Boone*, 52 F.3d 958, 960 (11th Cir. 1995) (citations omitted) (emphasis added). Because the outcome of the litigation or collection activities against the  Debtor's Principals could "conceivably have an effect on" the Debtor's estate and the Debtor's reorganization, this action is "related to" the bankruptcy case, and this Court has jurisdiction over this adversary proceeding.

### B. *Bankruptcy Court's § 105(a) Powers*

Bankruptcy courts have the same injunctive powers as courts of equity. S. Rep. No. 989, 95th Cong., 2d Sess. 51 (1978). Bankruptcy courts may issue a stay under section 105(a) of the Bankruptcy Code. *Id.* Section 105(a) states that bankruptcy courts "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." This power includes issuing permanent injunctions, preliminary injunctions, and temporary restraining orders. *See In re Kasual Kreation, Inc.*, 54 B.R. 915 (Bankr. M.D. Fla. 1985).

35979790-5

The jurisdictional test is whether failure to enjoin would affect the bankruptcy estate and would adversely or detrimentally influence and pressure the debtor through a third party. *Lahman Mfg. Co. v. First Nat'l Bank of Aberdeen (In re Lahman Mfg. Co.),* 33 B.R. 681 (Bankr. D.S.D. 1983). Bankruptcy courts have routinely used section 105(a) of the Bankruptcy Code to enjoin court proceedings against non-debtor parties that would affect the debtor's bankruptcy case. *Kasual Kreation*, 54 B.R. at 915. *See also*, *GAF Corp. v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 26 B.R. 405 (Bankr. S.D.N.Y. l983); *Otero Mills, Inc. v. Security Bank & Trust, (In re Otero Mills, Inc.)*, 21 B.R. 777 (Bankr. D.N.M. 1982).

Accordingly, under the case law and section 105(a)'s express language, the Court may enjoin parties from proceeding in other courts against parties other than the Debtor when failing to enjoin the parties would harm this Debtor's bankruptcy case.

### C. Standard for Preliminary Injunction

To obtain a preliminary injunction, the movant must make a clear and convincing showing that it has met each element under Bankruptcy Rule 7065. *In re Stephen P. Nelson, D.C., P.A.*, 140 B.R. 814, 816 (Bankr. M.D. Fla. 1992) (citing *In re Costa & Head Land Co.*, 68 B.R. 296, 304 (Bankr. N.D. Ala. 1986)). Under Bankruptcy Rule 7065, the movant must show: (1) that the movant has a substantial likelihood of succeeding on the merits; (2) that the movant will suffer irreparable injury unless an injunction issues; (3) that the threatened injury to the movant outweighs any damage the injunction may cause the opposing party; and (4) that the injunction would not adversely affect the public interest. *Id*. (citing *Zardui-Quintana v. Richard*, 768 F.2d 1213, 1216 (11th Cir. 1985); *Calaway v. Block*, 763 F.2d 1283, 1287 (11th Cir. 1985)); *In re Olympia Holding Corp.*, 161 B.R. 524, 528 (Bankr. M.D. Fla. 1993). The Court must balance each element rather than treat each as a prerequisite. *American Imaging Services, Inc. v. Eagle Pricher*

*Indus., Inc.* (*In re Eagle-Pricher Indus., Inc.*), 963 F.2d 855, 859 (6th Cir. 1992). Consequently, a court may issue an injunction upon the overwhelming presence of one of the factors despite a weak showing on the others. *Id*. at 860.

### D. Chapter 11 Co-Debtor Stays

The automatic stay provisions of section 362(a) of the Bankruptcy Code generally are not available to third-party non-debtors. *See, e.g.*, *McCartney v. Integra Nat'l Bank North*, 106 F.3d 506, 509–10 (3d Cir. 1997) (explaining that it is "universally acknowledged that an automatic stay of proceedings accorded by section 362(a) may not be invoked by entities such as sureties, guarantors, co-obligors, or others with a similar legal or factual nexus to the . . . debtor") (citations omitted). It is equally well settled, however, that section 105(a) of the Bankruptcy Code grants the bankruptcy courts authority to enjoin proceedings against non-debtors that would materially affect a debtor's reorganization effort. *Nelson*, 140 B.R. at 816 (citing, *e.g.*, *In re Am. Hardwoods, Inc.*, 885 F.2d 621 (9th Cir. 1989). *See also*, *McCartney*, 106 F.3d at 509–10; *In re Sunbeam Securities*, 261 B.R. 534, 536 (S.D. Fla. 2001). For example, bankruptcy courts have found "unusual circumstances" necessary to justify a preliminary injunction staying litigation against a non-debtor guarantor despite the courts aversion to litigation stays against non-debtor guarantors. *McCartney*, 106 F.3d at 509–10.

In *McCartney*, the court determined that "unusual circumstances" which justify a preliminary injunction staying litigation exist where "there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant, and, therefore, a judgment against the third-party defendant will, in effect, be a judgment or finding against the debtor." *Id.* at 510 (quoting *A.H. Robbins Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986)) (relying on section 362's automatic stay provisions and the bankruptcy court's equitable powers

35979790-5

under (1) 105(a) to enjoin actions against non-debtor codefendants because of the potential impact on the debtor's estate and the availability of the insurance proceeds to satisfy claims) (internal quotation marks omitted); *see also*, *In re Am. Film Techs., Inc.*, 175 B.R. 847, 855 (Bankr. D. Del. 1994) (staying prosecution of wrongful discharge claims against former and present directors of a debtor corporation because of the debtor's indemnification obligations and its possible exposure to collateral estoppel prejudice).

Bankruptcy courts have also enjoined actions against non-debtor parties where the non-debtor's assets were to be used as a funding source for the plan or when preserving the non-debtor's credit standing and borrowing ability played a significant and meaningful role in the debtor's reorganization effort. *In re Regency Realty Associates*, 179 B.R. 717, 719 (Bankr. M.D. Fla. 1995) (recognizing "classic scenarios" for issuance of a § 105(a) injunction to protect a non-debtor guarantor where the guarantor was willing to contribute his credit, funds, or properties to fund the reorganization plan); *In re St. Petersburg Hotel Assocs., Ltd.*, 37 B.R. 380 (Bankr. M.D. Fla. 1984) (same); *see also, In re Lazarus Burman Assocs.*, 161 B.R. 891, 899–900 (Bankr. E.D. N.Y. 1993) (enjoining guaranty actions because principals were the only persons who could effectively formulate, fund, and carry out debtors' plans of reorganizations).

Bankruptcy courts have also stayed actions against a debtor's principal when the principal is a "key person" and should be temporarily protected against lawsuits to devote her full time and energy to the debtor's affairs, especially in the initial stage of the case. *See, e.g.*, *Nelson*, 140 B.R. at 817 (enjoining actions against the non-debtor guarantor of a debtor corporation's obligations where the guarantor was president of the debtor and the president's services and expertise were essential to the debtor's reorganization); *In re Johns-Manville Corp.*, 33 B.R. 254 (Bankr. S.D.N.Y. 1983) (enjoining all entities and their counsel from commencing, continuing, or taking

6

35979790-5

any action of any type against present, former or future officers, directors, or employees); *In re Ionsphere Clubs, Inc.*, 111 B.R. 423, 435 (Bankr. S.D.N.Y. 1990) (enjoining a district court action against the chairman of the debtors' board of directors because allowing action against him to proceed would result in substantial time being distracted from the reorganization process); *Kasual Kreation*, 54 B.R. at 917 (enjoining a creditor's action against debtor's principals at a time when their efforts were "essential to the operation of the debtor's business and reorganization"); *In re Ms. Kipps, Inc.*, 34 B.R. 91 (Bankr. S.D.N.Y. 1983) (enjoining action in state court by a labor union against the debtor's president).

## This Case Warrants a Section 105(a) Non-Debtor Stay

Plaintiff can sustain its burden of proof on all necessary elements for a section 105(a) injunction. Plaintiff also submits that "unusual circumstances" exist in this case justifying a section 105(a) non-debtor stay.

### A. *The Debtor has a Substantial Likelihood of Success on the Merits*

In the context of a bankruptcy case, courts ruling on a preliminary injunction define a "substantial likelihood of success" as the probability of a successful reorganization. *Nelson*, 140 B.R. at 816–17; *In re Lazarus Burman Assocs.*, 161 B.R. 891, 901 (Bankr. E.D.N.Y. 1993); *In re Gathering Rest., Inc.*, 79 B.R. 992, 998 (Bankr. N.D. Ind. 1986). The Debtor has a substantial likelihood of success on the merits in this Chapter 11 case, but only with the assistance of the State Court Defendants. The only way the Debtor or its assets can be sold for maximum value as a going concern is with the continued operation of the Debtor and marketing of the business by the State Court Defendants. The Debtor is filing a plan that will provide for the sale of the Debtor or its assets to the highest bidder and the payment of allowed claims in accordance with the priority scheme set forth in the Bankruptcy Code.

7

35979790-5

***B. The Debtor will Suffer Irreparable Harm Without the Injunction***

In this case, there are "unusual circumstances" giving rise to irreparable harm. If the Defendants are not enjoined from prosecuting the State Court Action during the pendency of this Chapter 11 case, it will have catastrophic effects on the Debtor's ability to confirm a plan and sell the Debtor as a going concern. First, the Debtor cannot operate without Mr. Ritchey, Mrs. Ritchey, and Ms. James. In addition, if the State Court Action proceeds and judgments are entered against the State Court Defendants:

a. The State Court Defendants will be forced to expend additional resources defending the collection of the State Court Action, which will adversely impact their willingness and ability to focus on maximizing the value of the Debtor.

b. Requiring the State Court Defendants to defend collection of the State Court Action will be costly and time consuming to defend at a time when the Debtor needs their attention devoted to the Debtor's operations, plan, and sale.

c. The entire purpose of the Subchapter V case would be frustrated as the Defendants may attempt to freeze, garnish, or levy on the State Court Defendants' assets, which include the stock in the Debtor contemplated to be sold in this case. In order to avoid any collection against their assets, the State Court Defendants may have no alternative, but to file their own personal bankruptcies. That would significantly diminish the value of the Debtor as a going concern inasmuch as the Chapter 7 trustee would immediately close the Debtor, frustrating the entire purpose of this case.

35979790-5

In addition, a judgment against the State Court Defendants will give rise to indemnification claims against the estate. Allowing the Defendants to obtain and collect judgments will prejudice the rights of all creditors.

### C. *The Balance of Prejudice Weighs in Favor of the Debtors*

In contrast to the irreparable harm set forth above, the evidence will show that Defendants will suffer little, if any, prejudice from a stay of the State Court Action pending closing of a sale of the Debtor pursuant to a confirmed plan. The Debtor will be filing a plan in less than ninety (90) days that provides for a sale of the Debtor and distributions to creditors in accordance with the priority scheme set forth in the Bankruptcy Code. The only harm that might befall the Defendants is a brief delay in the prosecution of the State Court Action. In the interim, the Defendants may file an appropriate proof of claim with this Court.

### D. *A Non-Debtor Injunction in This Case will Not Harm Public Interest*

The public interest will not be harmed if the Court temporarily stays the State Court Action pending closing of a sale of the Debtor pursuant to a confirmed plan.  The granting of the injunctive relief sought herein unequivocally advances a significant public interest, that is, in confirming a plan as contemplated by the Bankruptcy Code, 11 U.S.C. §§ 101 et seq.; and in assuring that the legitimate rights of the customers, creditors, employees and other parties in interest are protected.

### <u>Conclusion</u>

For the reasons set forth herein, Plaintiff respectfully requests that the Court issue a preliminary injunction during the pendency of this Chapter 11, Subchapter V case prohibiting the continued prosecution of the State Court Action until closing of a sale of the Debtor or its assets pursuant to a confirmed plan and providing such other and further relief as may be just and proper.

35979790-5

Respectfully submitted this 12th day of June, 2026.

> BERGER SINGERMAN LLP
> *Counsel for the Debtor*
> 101 E. Kennedy Boulevard, Suite 1165
> Tampa, FL 33602
> Tel. (813) 498-3400
> Fax (813) 527-3705
>
> By: */s/  Amy Denton Mayer*
>     Amy Denton Mayer
>     Florida Bar No. 634506
>     amayer@bergersingerman.com
>     Erin M. Hoskins
>     Florida Bar No. 1003283
>     ehoskins@bergersingerman.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing *Motion for Preliminary Injunction* was furnished on June 12, 2026, by the Court's CM/ECF system to all parties who receive electronic noticing and will be served via U.S. Mail with the Summons and Complaint to all Defendants.

> */s/ Amy Denton Mayer*
>     Amy Denton Mayer

10

35979790-5