UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:                                          Chapter 11

RITCHEY'S TRUCK REPAIR, INC.,                   Case No. 8:26-bk-04988-CED

     Debtor.
_____/

RITCHEY'S TRUCK REPAIR, INC.,

     Plaintiff,

v.                                              Adv. Proc. No. 8:26-ap-00201-CED

TRUCKCO, LLC, RUSSELL P.
MATHEWS, and SIGNAL
MANAGEMENT GROUP, INC.,

     Defendants.
_____/

**JOINT MOTION OF DEFENDANTS TRUCKCO, LLC, SIGNAL MANAGEMENT GROUP, INC., AND RUSSELL P. MATHEW'S FOR DETERMINATION THAT THE BANKRUPTCY COURT MAY NOT ENTER FINAL ORDERS OR JUDGMENT ON THE NON-CORE STATE-LAW CLAIMS AND RESERVATION OF RIGHTS (28 U.S.C. § 157(b)(3) AND (c)(1); LOCAL RULE 7001-1(k)(6))**

Defendants TruckCo, LLC ("**TruckCo**"), Signal Management Group, Inc. ("**Signal**"), and

Russell P. Mathews ("**Mathews**," and together with TruckCo and Signal, the "**Respondents**" or

"**Defendants**"), by and through their undersigned counsel, jointly move pursuant 28 U.S.C. §

157(b), § 157(c)(1)-(2), Federal Rules of Bankruptcy Procedure 7008, 7012(b), and 9015, and

Local Rule 7001-1(k)(6), for an order determining that this Court may not enter final orders or a

final judgment on the non-core, independently existing state-law claims that the injunctive relief

sought in the Verified Complaint depends upon, and reserving de novo review under 28 U.S.C. § 157(c)(1). Concurrently herewith, Respondents have filed their *Defendants' Response in Opposition to Motion for Preliminary Injunction* (the "**Response in Opposition**"). For reasons stated in the Response in Opposition, the Respondents assert that various claims or courses of action are non-core and involve issues arising and in under state law.

Local Ruel 7001-1 requires a motion to determines if this Court has authority to enter final orders or judgments be filed not later than the date set by the Court for filing a response to a complaint. The Respondents file the motion in an abundance of caution before the filing of the Response in Opposition to avoid any argument that they consent. This Motion is filed without prejudice to the Respondents filing an amended motion before the filing of a response. .

The Respondents do not contest this Court's jurisdiction under 28 U.S.C. § 1334, to the jurisdiction of the Court to hear this adversary proceeding, and does not contest this Court's authority to adjudicate the request for a preliminary injunction. The Respondents do not concede that 11 U.S.C. § 105(a) authorizes extending the automatic stay or injunctive protection to the non-debtor State Court Defendants, and it expressly reserves that issue for the Response in Opposition to the motion for preliminary injunction. The question presented in this motion is the Article III authority to enter a final adjudication of the underlying Florida-law claims, not jurisdiction to hear the proceeding.

The Respondents do not consent to the entry of final orders or a final judgment on the underlying state-law claims, and files this motion so that no consent is implied under *Wellness Int'l Network, Ltd. v. Sharif*, 575 U.S. 665 (2015), and Local Rule 7001-1(k)(6).

4909-3471-9673, v. 2

**Argument**

1. The Debtor commenced this adversary proceeding by filing a Verified Complaint seeking a preliminary injunction under 11 U.S.C. § 105(a), extending protections to non-debtor State Court Defendants until a sale under a confirmed plan, pleading a substantial likelihood of success and alleging that this is "a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (O)." (Verified Complaint ¶ 3.) A statutory core designation, including the catchall in § 157(b)(2)(O), does not satisfy Article III with respect to state-law claims that exist independently of the bankruptcy and that are not resolved in the claims-allowance process. Stern, 564 U.S. 462. The "core" label therefore does not authorize this Court to enter a final adjudication of the Florida-law claims at issue in the State Court Action.

2. The claims asserted in the Verified Compliant implicate claims and causes of action that arise under Florida law, existed before the petition, and are not part of the claims-allowance process.

**I. Party Specific Non-Consent Statements**

**A. TruckCo, LLC**

3. TruckCo does not consent to entry of final orders or judgment on independent Florida-law claims, claims against non-debtors, jury-triable issues, ownership or specific-performance determinations, or TruckCo's direct Chapter 726 claims.

4. Any findings made in ruling on the preliminary injunction, including assessments of likelihood of success, are interlocutory, non-final, non-preclusive, without prejudice, and subject to de novo review under 28 U.S.C. § 157(c)(1).

5. The filing of any protective proof of claim by TruckCo is limited to allowance and is not consent to final adjudication of separable, independently existing state-law claims or claims against non-debtors.

4909-3471-9673, v. 2

**B. Signal Management Group, Inc.**

6.      Signal does not consent to entry of final orders or judgment on its retained, prepetition Florida-law claims for fraud in the inducement, fraudulent concealment by half-truth, constructive trust, unjust enrichment, or its reserved punitive-damages claim, and any merits determinations incident to preliminary-injunction proceedings are preliminary, without prejudice, and subject to de novo review.

7.      Signal's non-consent does not extend to estate avoidance of the Debtor's own prepetition transfers to the extent such avoidance is a core matter, and Signal reserves questions of standing, derivative standing, and stay relief as to Count V.

**C. Russell P. Mathews**

8.      Mathews appears solely as a named Defendant. Mathews does not consent to entry of final orders or judgment on any non-core or Stern issue as to him, and any preliminary-injunction findings are preliminary only and non-preclusive.

**Reservation of Rights**

9.      This motion is filed in the alternative and without waiver of, as such the Respondents expressly reserve, their motion under Fed. R. Bankr. P. 7012 to dismiss this adversary proceeding, its motion to dismiss the bankruptcy case under 11 U.S.C. § 1112(b); their motion to remove the debtor in possession under 11 U.S.C. § 1185(a); their response in opposition to the motion for preliminary injunction, including the argument that 11 U.S.C. § 105(a) does not authorize extending the stay or injunctive protection to the non-debtor State Court Defendants; and all rights of abstention, remand, and all defenses on the merits. Respondents further reserve their right to move to withdraw the reference under 28 U.S.C. § 157(d). Respondents do not waive, and expressly preserve, their right to trial by jury under the Seventh Amendment on all legal claims so

4909-3471-9673, v. 2

triable, including its direct fraudulent-transfer and fraud claims, with any jury trial in this Court governed by 28 U.S.C. § 157(e) and Federal Rule of Bankruptcy Procedure 9015. Nothing in this motion, and no proof of claim the Respondents may file, constitutes an election of remedies. Nothing in this motion concedes the merits of any claim or the propriety of the requested injunction.

WHEREFORE, Respondents respectfully requests that the Court enter an order:

(a) determining that the state-law claims are non-core claims, on which the Court may not enter final orders or a final judgment;

(b) determining that Respondents do  not consent to the entry of final orders or a final judgment on independent Florida-law claims, claims against non-debtors, jury-triable claims, ownership or specific-performance issues, the fraudulent-transfer claims Respondents assert in their own right under Chapter 726;

(c) determining that any findings made in ruling on the motion for preliminary injunction, are interlocutory, non-final, non-preclusive, and without prejudice, and are not a final adjudication of the state-law merits, with de novo review reserved under 28 U.S.C. § 157(c)(1);

(d) determining that the filing of a protective proof of claim by the Respondents are limited to allowance of their claims, are without consent to the final adjudication of the separable claims described herein, and do not submit those claims or the claims against non-debtors to final adjudication;

(e) reserving and expressly preserving the Respondent's right to trial by jury under the Seventh Amendment on all legal claims and fraud claims, and reserving abstention, remand, withdrawal of the reference under 28 U.S.C. § 157(d), and all defenses on the merits; and

4909-3471-9673, v. 2

(f) granting such other and further relief as is just and proper.

Respectfully submitted,

/s/ Scott A. Stichter
Scott A. Stichter (FBN 0710679)
STICHTER, RIEDEL, BLAIN &
POSTLER, P.A.
110 East Madison Street, Suite 200
Tampa, Florida 33602
Telephone: (813) 229-0144
Email: sstichter@srbp.com
Counsel for Defendants

## CERTIFICATE OF SERVICE

I certify that on June 29, 2026, a true and correct copy of the foregoing was served by the

Court's CM/ECF system on all parties receiving electronic notice, and by electronic mail on Amy

Denton Mayer, Berger Singerman LLP, 101 East Kennedy Boulevard, Suite 1165, Tampa, Florida

33602, amayer@bergersingerman.com, counsel for the Debtor; on the Subchapter V Trustee; and

on the United States Trustee.

/s/ Scott A. Stichter
Scott A. Stichter

4909-3471-9673, v. 2