ORDERED.

**Dated:  July 14, 2026**

_Caryl E. Delano_
Caryl E. Delano
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:                                                                                  Subchapter V, Chapter 11

RITCHEY'S TRUCK REPAIR, INC.,[1]                           Case No. 8:26-bk-04988-CED

     Debtor.
_____/

RITCHEY'S TRUCK REPAIR, INC.,

     Plaintiff,

v.                                                                                       Adv. Case No. 8:26-ap-00201-CED

TRUCKCO, LLC, RUSSELL P. MATHEWS,
SIGNAL MANAGEMENT GROUP, INC.,

     Defendants.
_____/

**INTERIM ORDER GRANTING IN PART**
**MOTION FOR PRELIMINARY INJUNCTION**

THIS PROCEEDING came before the Court on June 30, 2026, at 10:30 a.m. for

consideration of the _Motion for Preliminary Injunction with Supporting Memorandum of Law and_

_Request for Hearing_ (Adv. Doc. No. 2) (the "**Motion**") filed by Ritchey's Truck Repair, Inc. (the

---

[1]The address of the Debtor is 2040 Industrial Park Rd., Mulberry, FL 33860.  The last four digits of the Debtor's federal tax identification numbers are 4458.

36029459-6

"**Debtor**") and the *Defendants' Response in Opposition to Motion for Preliminary Injunction* (Adv. Doc. No. 10). For the reasons stated orally and recorded in open court, which shall constitute the decision of the Court, it is

**ORDERED:**

1. The Motion is granted in part as set forth below.

2. Defendants TruckCo, LLC, Russell P. Mathews, and Signal Management Group, Inc. (collectively, the "**Defendants**") are hereby enjoined from taking any further action in furtherance of the prosecution of their claims in the case styled *Truckco, LLC v. Bruce A. Ritchey et al.,* Case No. 2025-CA-001921 (the "**State Court Action**"), including, without limitation, filing pleadings or motions, conducting or pursuing discovery (whether by deposition, written discovery, or otherwise), scheduling or conducting hearings, or otherwise prosecuting, advancing, or seeking relief in the State Court Action during the period ending at the conclusion of the Continued Hearing (as defined below) (the "**Injunction Period**"). The Injunction Period shall not be extended except by further order of the Court entered after notice and hearing.

3. During the Injunction Period, all deadlines, time periods, and scheduling requirements applicable to the Defendants in the State Court Action are hereby tolled and suspended. Upon expiration of the Injunction Period, any such deadlines and time periods shall be reset by further order of the State Court or other court of competent jurisdiction.

4. During the Injunction Period, the defendants in the State Court Action—Bruce A. Ritchey, individually; Karen A. Ritchey, individually; Bruce A. Ritchey and Karen A. Ritchey, as Trustees of the Bruce A. Ritchey and Karen A. Ritchey Joint Revocable Living Trust; Brenda S. James; and Ritchey's Tractor Works, LLC (collectively, the "**State Court Defendants**")—shall not sell, transfer, assign, convey, gift, pledge, encumber, lien, dissipate, expend, or otherwise

dispose of any non-exempt assets, except as reasonably necessary and in the ordinary course of their personal or business affairs for the payment of current living expenses, ordinary operating expenses, or other customary obligations.

5.      The State Court Defendants, with the exception of Brenda S. James, shall provide to the Defendants verified statements identifying the assets ("**Asset Statements**") owned by each of the State Court Defendants as of June 30, 2026. The Asset Statements will be due to the Defendants on or before July 27, 2026. Additionally, the State Court Defendants, with the exception of Brenda S. James, shall provide the Defendants with monthly reports reflecting disbursements ("**Disbursement Reports**"). The Disbursement Reports will each be due within 21 days after the last day of the month following the month that the report covers. The Asset Statement and Disbursement Reports will be subject to a Confidentiality Stipulation and Protective Order that will be entered upon the Court's docket in this case. The persons identified in this paragraph consent to the restrictions of this paragraph and submit to the jurisdiction of this Court for their enforcement.

6.      As directed at the June 30, 2026 hearing, the parties shall proceed to mediation before a third-party mediator.  The mediation shall be conducted after the Debtor files its schedules and statement of financial affairs.

7.      Except as addressed in this Order, this Order is without prejudice as to all other rights, claims, arguments and defenses of the parties.

8.      The Court shall conduct a continued hearing on the Motion on July 28, 2026, at 10:30 a.m. (the "**Continued Hearing**") in Courtroom 9A, Sam M. Gibbons United States Courthouse, 801 N. Florida Avenue, Tampa, FL  33602.

9.      All parties may attend the hearing in person. Parties are directed to consult Judge Delano's Procedures Governing Court Appearances, available at https://www.flmb.uscourts.gov/judges/tampa/delano/, regarding policies and procedures for attendance at hearings by video or telephone via Zoom. If you are unable to access the Court's website, please contact the Courtroom Deputy at 813-301-5070 no later than 3:00 p.m. one business day before the date of the hearing.

*Attorney Amy Denton Mayer is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of the order.*